UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MANASA THIMMEGOWDA,<br><br>Plaintiff,<br><br>v.<br><br>BIG FISH GAMES INC, et al.,<br><br>Defendants. | CASE NO. C19-199RBL<br><br>ORDER |

THIS MATTER is before the Court on Defendant's Motion to Stay Discovery [Dkt. # 43] pending a ruling on its motion to compel arbitration [Dkt. # 33]. Defendants ask the Court to stay all discovery until rules on Defendants' Motion to Compel arbitration. Three Defendants—Aristocrat Leisure (an Australian corporation), Aristocrat Technologies (a Nevada corporation) and Churchill Downs Inc. (a Kentucky corporation)—have also moved to dismiss for lack of personal jurisdiction. [Dkt. # 35].

Thimmegowda concedes that substantive discovery should await the Court's arbitration decision but argues that there is no reason to delay limited discovery into the jurisdictional defense, in the meantime.

1    Notwithstanding the jurisdictional motion, the primary issue in this case (and in the

2 related *Kater* case[1], and in several similar pending "gaming application" cases), is whether the

3 plaintiff's claims must be arbitrated under the TOU.  Defendants ask the Court to resolve their

4 right to compel arbitration before subjecting them to any discovery.

5    The parties agree that the stay issue is addressed to the Court's discretion. *See*, for

6 example, *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986).

7    The underlying arbitrability issue will be informed by the result of two (or three) similar

8 cases now on appeal in the Ninth Circuit. *See Wilson v. Huuuge*, Cause No. 18-cv-5276RBL, and

9 *Benson v. Double Down Interactive LLC, et.al.*, Cause No. 18-cv-0525RBL. *Wilson* was recently

10 argued, and *Double Down* will be argued November 5. The Ninth Circuit stayed an interlocutory

11 appeal in a third case, *Wilson v Playtika,* Cause No. 18-5277RBL, until its decision in *Huuuge*.

12 *See* Court of Appeals Dkt. # 9 in *Playtika*. Each case, like this one, involves the enforceability of

13 arbitration clauses in an application's or game's TOUs.

14    The Motion to Compel in this case (like the one in *Kater*) was recently re-noted for

15 October 11. The Court presumes that these motions were re-noted so that the Ninth Circuit's

16 opinion in *Huuuge* will issue before the Court rules on them.

17    The Court recognizes that the Defendants have raised a new arbitrability argument in this

18 case: *actual* or imputed notice of the TOUs, on top of the *constructive* notice at issue in the

19 appealed orders. Actual notice was not fully addressed in the prior cases. Thus, the *Huuuge*

20 opinion will not necessarily inform the resolution of the motion in this case. Nevertheless, the

21

22 ─────────────────────

23 [1] This case is related to *Kater v Churchill Downs, et al.*, Cause No. 15-612RBL, which covers an earlier time frame. Both cases relate to the Big Fish Casino gaming application. In *Kater*, this Court held that Churchill Downs had waived its right to require Kater to arbitrate. There is a similar pending motion to compel arbitration of the plaintiffs' amended claims in *Kater*.

24

Ninth Circuit's opinions in the related appeals obviously may impact the arbitrability issues in this case.

For that reason, the Court will STAY all discovery in this case, *and* the pending motion to compel arbitration, until 30 days after the Ninth Circuit's resolution of (at least[2]) *Huuuge*. The Court anticipates that the *Double Down* and *Playtika* decisions will follow within a few months, but we can re-visit the potential impact of those decisions after *Huuuge*.

Meanwhile, the Motion to Stay discovery [Dkt. # 43] is GRANTED and this case is STAYED pending the Ninth Circuit's decision in *Huuuge*, or further order of the Court. The pending Motions [Dkt. #s 33 and 35] are TERMINATED without resolution and they can be re-noted (or revised and re-filed) when the stay is lifted.

IT IS SO ORDERED.

Dated this 12th day of September, 2019.

Ronald B. Leighton
United States District Judge

---

[2] The Court is inclined to await a decision in all three appeals, and hereby solicits the parties' input on the status of this stay—should the case remain stayed, pending opinions in *Double Down* and *Playtika*?—within 10 days of the *Huuuge* opinion.