1
2
3
4

The Honorable Ronald B. Leighton

5  UNITED STATES DISTRICT COURT
6  WESTERN DISTRICT OF WASHINGTON
7  AT TACOMA

| | |
|---|---|
| CHERYL KATER and SUZIE KELLY, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br>    v.<br><br>CHURCHILL DOWNS INCORPORATED, a Kentucky corporation, and BIG FISH GAMES, INC., a Washington corporation,<br><br>            Defendants. | Case No.: 2:15-cv-00612-RBL<br><br>**DEFENDANTS' SURREPLY TO PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND LIMITED RELIEF FROM LITIGATION STAY**<br><br>**Hearing Date: November 4, 2019** |
| MANASA THIMMEGOWDA, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br>    v.<br><br>BIG FISH GAMES, INC., a Washington corporation; ARISTOCRAT TECHNOLOGIES INC., a Nevada corporation; ARISTOCRAT LEISURE LIMITED, an Australian corporation; and CHURCHILL DOWNS INCORPORATED, a Kentucky corporation,<br><br>            Defendants. | Case No.: 2:19-cv-00199-RBL<br><br>**DEFENDANTS' SURREPLY TO PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND LIMITED RELIEF FROM LITIGATION STAY**<br><br>**Hearing Date: November 4, 2019** |

DEFENDANTS' SURREPLY TO PLAINTIFFS'
REPLY IN SUPPORT OF MOTION FOR TRO
(2:15-cv-00612-RBL; 2:19-cv-00199-RBL)

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 FIFTH AVENUE, SUITE 5600
SEATTLE, WASHINGTON  98104-7097
+1 206 839 4300

Pursuant to Local Civil Rule 7(g), Defendants move to strike Exhibits A-O attached to Plaintiffs' Reply in Support of Motion for Temporary Restraining Order and Limited Relief from Litigation Stay. *Kater v. Churchill Downs Inc.*, Case No. 2:15-cv-00612-RBL, Dkt. 129; *Thimmegowda v. Big Fish Games, Inc.*, Case No. 2:19-cv-00199-RBL, Dkt. 80 ("Reply").

"It is well established that new arguments and evidence presented for the first time in reply are waived." *Cal. Expanded Metal Prod. Co. v. Klein*, 396 F. Supp. 3d 956, 969 (W.D. Wash. 2019) (alterations and citation omitted); *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived."). Courts in this District routinely strike declarations attached to reply briefs that introduce new evidence. *See, e.g.*, *Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006) (striking declarations and new arguments in reply in support of motion for preliminary injunction); *Nautilus Grp., Inc. v. Icon Health & Fitness, Inc.*, 308 F. Supp. 2d 1208, 1214 (W.D. Wash. 2003) (striking declaration in reply in support of motion for preliminary injunction); *see also Bridgham-Morrison v. Nat'l Gen. Assurance Co.*, 2015 WL 12712762, at *2 (W.D. Wash. Nov. 16, 2015) ("For obvious reasons, new arguments and evidence presented for the first time on Reply . . . are generally waived or ignored.").

Plaintiffs attach *fifteen* new declarations to their Reply and attempt to rely on the new evidence in those declarations to support their legal arguments. Plaintiffs' submission of new evidence with the Reply is plainly foreclosed. *See, e.g.*, *Docusign*, 468 F. Supp. 2d at 1307. Moreover, none of the evidence is relevant to the question of whether Plaintiffs are likely to succeed on the merits of their Rule 23(d) request because none of the declarants claim to have been misled or coerced into waiving any rights by the pop-up or new language in the TOU— indeed, a third of them did not even receive the pop-up. *See* Reply Exs. A-O.

Plaintiffs also improperly rely on new authorities and new arguments for the first time in their Reply. *See Bazuaye*, 79 F.3d at 120 ("Issues raised for the first time in the reply brief are waived."). *First*, Plaintiffs rely on new evidence and new authority to support their argument that the October 14 pop-up and August 28 TOU are coercive because they "force[d] putative

class members 'to give up a paid-for benefit and end an ongoing business relationship in order to refuse to waive their class action rights." Reply at 4 (citing *McKee v. Audible*, 2018 WL 2422582 (C.D. Cal. Apr. 6, 2018)). In the Motion, Plaintiffs did not cite *McKee* or include any of the evidence about in-game purchases on which they now rely. *See Setterquist v. Law Offices of Ted D. Billbe, PLLC*, 2018 WL 7823009, at *4 (W.D. Wash. Oct. 17, 2018) (declining to address "new cases" and "new arguments" raised for the first time in a reply brief). In any event, *McKee* is inapposite: the defendant in that case "afforded no notice of the pending action to its then current members, nor did it provide its members with the opportunity to opt out" when communicating the terms of an arbitration agreement imposed for the first time *after* the litigation commenced. 2018 WL 2422582, at *5-6. Here, Big Fish provided clear notice of this litigation to users and clear instructions regarding how to opt out of the Arbitration Provision, and the Arbitration Provision has applied to all BFC users since *before* this litigation began.

*Second*, having failed to allege any irreparable harm to themselves in their Motion, Plaintiffs now offer a new argument that they "have a significant personal economic interest in proceeding with this case as a class action in court," and that the challenged communications "directly impact[] that interest." Reply at 10. This new argument is untimely, improper, and waived. *See Cal. Expanded Metal Prod. Co.*, 396 F. Supp. 3d at 969. It also fails on the merits, as Plaintiffs do not articulate the nature of their economic interest, or how it would be *irreparably* harmed by the August 28 TOU or October 14 pop-up. *See* Reply at 10.

*Third*, Plaintiffs improperly enlarge the scope of their requested relief. In the Motion, Plaintiffs sought "a limited reprieve from the stays to resolve" the issue raised (*i.e.*, the request for a temporary restraining order). Mot. at 12. In the Reply, Plaintiffs now ask the Court to lift the stay "regardless of its decision on the TRO." Reply at 1. If the Court denies the Motion—as it should—it also should deny Plaintiffs' vague and open-ended request to lift the stay, which the Court put in place pending resolution of the motions to compel arbitration and the motions to dismiss for lack of personal jurisdiction. In addition, the Reply now purports to seek an immediate appointment of Plaintiffs' counsel as interim class counsel and invalidation of any

arbitration agreement "obtained by way of the pop-up or the August 28 terms." Reply at 11-12. Plaintiffs' informal motion for new and additional relief in the Reply is improper. To the extent the Court is willing to entertain these requests, the Court should order Plaintiffs to file a motion in compliance with the Federal Rules of Civil Procedure and Local Civil Rules.

Nor is Plaintiffs' request for appointment of interim class counsel likely to succeed: "both the commentary to Rule 23 and the Manual for Complex Litigation (Fourth) indicate that appointment of interim counsel is not appropriate where, as here, a single law firm has brought a class action and seeks appointment as class counsel." *Donaldson v. Pharmacia Pension Plan*, 2006 WL 1308582, at *1 (S.D. Ill. May 10, 2006). Before any such appointment is made, Plaintiffs' counsel must make the required showing under Rule 23, which they have not even attempted to do here. *Cf. id.* at *2 (finding that proposed interim class counsel was "well qualified to represent the proposed class" but nevertheless denying the motion given the absence of "special circumstances requiring appointment of interim counsel"). Finally, as explained in the Opposition, appointment of interim counsel will not create any attorney-client relationship with putative class members and so will not permit Plaintiffs' counsel to "determine whether it was appropriate to opt all putative class members out of the arbitration provision, then send opt-out notices to [Defendants] on putative class members' behalf," or to require that "any further changes to [BFG's TOU] that relate to this litigation . . . be communicated to Plaintiffs' counsel." Reply at 12; *see Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1349 (2013) (holding that "a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified").

For the foregoing reasons, Defendants respectfully request that the Court (1) strike from the record Exhibits A-O to Plaintiffs' Reply; and (2) disregard the new arguments raised and authority cited for the first time in Plaintiffs' Reply.

DATED:   November 1, 2019

Respectfully submitted,

By: */s/ Mark Parris*
*/s/ Paul Rugani*
Mark Parris (Bar No. 13870)
mparris@orrick.com
Paul F. Rugani (Bar No. 38664)
prugani@orrick.com
ORRICK HERRINGTON & SUTCLIFFE LLP
701 5th Avenue, Suite 5600
Seattle, WA 98104
Telephone: (206) 839-4320

*Attorneys for Defendants Aristocrat Technologies, Inc., Aristocrat Leisure Limited, Big Fish Games, Inc. and Churchill Downs Incorporated*

*/s/ Emily Johnson Henn*
*/s/ Lindsey Barnhart*
Emily Johnson Henn (*pro hac vice*)
ehenn@cov.com
Lindsey Barnhart (*pro hac vice*)
lbarnhart@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square
Palo Alto, CA 94306
Telephone: (650) 632-4700

*/s/ Gary Rubman*
Gary Rubman (*pro hac vice*)
grubman@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001
Telephone: (202) 662-6000

*/s/ Matthew Q. Verdin*
*/s/ David Watnick*
Matthew Q. Verdin (*pro hac vice*)
mverdin@cov.com
David Watnick (*pro hac vice*)
dwatnick@cov.com
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
Telephone: (415) 591-7065

*Attorneys for Defendants Aristocrat Technologies, Inc., Aristocrat Leisure Limited, and Big Fish Games, Inc.*

DEFENDANTS' SURREPLY TO PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR TRO
(2:15-cv-00612-RBL; 2:19-cv-00199-RBL)

- 4 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 FIFTH AVENUE, SUITE 5600
SEATTLE, WASHINGTON 98104-7097
+1 206 839 4300