HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHERYL KATER and SUZIE KELLY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>CHURCHILL DOWNS INCORPORATED, a Kentucky corporation, and BIG FISH GAMES, INC., a Washington corporation,<br><br>Defendants. | CASE NO. C15-0612-RBL<br><br>ORDER ON MOTION FOR ENTRY OF MODEL PROTECTIVE ORDER AND AGREEMENT FOR DISCOVERY OF ESI<br><br>DKT. # 192 |
| MANASA THIMMEGOWDA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>BIG FISH GAMES, INC., a Washington corporation; ARISTOCRAT TECHNOLOGIES INC., a Nevada corporation; ARISTOCRAT LEISURE LIMITED, an Australian corporation; and CHURCHILL DOWNS INCORPORATED, a Kentucky corporation,<br><br>Defendants. | CASE NO. C19-0199-RBL<br><br>ORDER ON MOTION FOR ENTRY OF MODEL PROTECTIVE ORDER AND AGREEMENT FOR DISCOVERY OF ESI<br><br>DKT. # 143 |

ORDER - 1

THIS MATTER is (unfortunately) before the Court on Plaintiffs' Motions for Entry of Model Protective Order and Model Agreement re. Discovery of Electronically Stored Information. *Kater*: Dkt. # 192; *Thimmegowda*: Dkt. # 143. As has become a trend in these cases, the parties have found yet another thing to disagree on. While Plaintiffs advocate for entry of the Western District of Washington's model order and agreement re. ESI, Defendants strenuously object.

According to Plaintiffs, the parties have been negotiating an appropriate protective order and agreement for sixteen months, with Defendants consistently demanding nuanced provisions that would prejudice Plaintiffs. Plaintiffs assert that the parties are in deadlock and the easiest way forward would be to just enter the Western District's model orders. Defendants retort that, during the course of negotiations, the parties agreed at various times to various manifestations of protective orders, but that Plaintiffs reneged on these agreements and ultimately abandoned the negotiations in favor of court intervention. Defendants also object to Plaintiffs' failure to meet and confer in good faith before bringing these motions, as required by Local Rule 26(c)(1). Instead of entering the model orders, Defendants ask the Court to enter their orders, which they claim reflect the parties' negotiations. Plaintiffs reply that Defendants fail to explain how the model orders prejudice them, while Defendants' own revised versions actually will prejudice Plaintiffs by, for example, allowing Defendants to share Plaintiffs' confidential information with non-appearing counsel. Both parties' briefs are littered with accusations that the other party is being vexatious and unfair and deceptive. Defendants go so far as to ask for sanctions.

Asking the Court to wade into a negotiation process that has been going on for over a year is not a good way to resolve this dispute. From the Court's perspective, both parties have been unreasonable. Nonetheless, the Court agrees with Plaintiffs that discovery needs to get

moving in these cases, one of which was filed in *2015*, and which Defendants have been attempting to drag out in any way possible.

Out of the two dueling proposals, the Court agrees with Plaintiffs that Defendants have failed to explain how the Western District's model orders will prejudice them, even if they don't fulfill every item on their wish list. *Corley v. Google, Inc.*, No. 16-cv-00473, 2016 WL 3421402, at *2 (N.D. Cal. June 22, 2016) (rejecting defendants' argument that the protective orders developed by the parties through their negotiations should be adopted instead of the model orders). In contrast, Plaintiffs identify several forms of potential prejudice in Defendants' modified orders. And Defendants' insistence that Plaintiffs agreed to provisions from their orders at times in the past rings hollow in light of the parties' failure to ever submit such stipulations to the Court. Plaintiffs should have met and conferred with Defendants before bringing this order, but the Court suspects that after months of disagreement such a meeting would likely have been futile.

The model order is the model for a reason—it was "drafted and approved by the judges of this district based on their collective experience managing numerous cases with confidential material." *Minnis v. Washington*, No. C11-5600 BHS, 2013 WL 3189051, at *2 (W.D. Wash. June 20, 2013). Entry of the model orders will not prevent the parties from stipulating to certain revisions or additions and filing more mutually-agreeable orders in the future. It will, however, provide a foundation that will allow discovery to move forward. If the parties reach an impasse

and Defendants feel that they cannot engage in certain discovery without further protection, they may file a motion to that effect. Plaintiffs' Motions are GRANTED.

IT IS SO ORDERED.

Dated this 5th day of May, 2020.

Ronald B. Leighton
United States District Judge

ORDER - 4