The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| CHERYL KATER and SUZIE KELLY, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>CHURCHILL DOWNS INCORPORATED, a Kentucky corporation, and BIG FISH GAMES, INC., a Washington corporation.<br><br>*Defendants*. | No. 15-cv-00612-RSL<br><br>**STIPULATION AND ORDER RE AGREED RIDER TO PROTECTIVE ORDER REGARDING THE USE AND DISCLOSURE OF DISCOVERY PRODUCED BY NONPARTY APPLE INC.** |
| MANASA THIMMEGOWDA, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>BIG FISH GAMES, INC., a Washington corporation; ARISTOCRAT TECHNOLOGIES INC., a Nevada corporation; ARISTOCRAT LEISURE LIMITED, an Australian corporation; and CHURCHILL DOWNS INCORPORATED, a Kentucky corporation,<br><br>*Defendants*. | No. 19-cv-00199-RSL<br><br>**STIPULATION AND ORDER RE AGREED RIDER TO PROTECTIVE ORDER REGARDING THE USE AND DISCLOSURE OF DISCOVERY PRODUCED BY NONPARTY APPLE INC.** |

Stipulation and Order
Case Nos. 15-CV-612, 19-CV-199 - i

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

This agreement is entered into between and among nonparty Apple Inc. ("Apple") and the parties to the two actions captioned above, *Kater et al. v. Churchill Downs Incorporated, et al.*, No. C15-0612-RSL (the "*Kater* Action") and *Thimmegowda v. Big Fish Games, et al.,* No. C19-0199-RSL (the "*Thimmegowda* Action" and, together with the *Kater* Action, the "Actions"), specifically: *Kater* Action plaintiffs Cheryl Kater and Suzie Kelly; *Thimmegowda* Action plaintiff Manasa Thimmegowda (collectively with Ms. Kater and Ms. Kelly, "Plaintiffs"); *Kater* Action defendants Churchill Downs Incorporated and Big Fish Games, Inc.; and *Thimmegowda* Action defendants Big Fish Games, Inc., Aristocrat Technologies, Inc., and Churchill Downs Incorporated ("Defendants," and collectively with Plaintiffs, the "Parties").  The Parties and Apple anticipate that Apple will produce documents in this action that contain sensitive consumer information. This agreement is intended to supplement the protective order entered by the Court on May 5, 2020 (ECF Nos. 192-1 and 213 in the *Kater* Action) ("Protective Order").

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Rider To Protective Order Regarding The Use And Disclosure Of Discovery Produced By Nonparty Apple Inc. ("Rider").

**PURPOSES AND LIMITATIONS**

Apple Protected Material designated under the terms of this Rider shall be used by the Parties solely for the purpose of providing notice to and verifying and paying the recovery amount owed to each member of the Settlement Class.  Apple Protected Material shall not be used directly or indirectly for any other purpose whatsoever.

No Apple Protected Material provided by Apple to the Class Action Administrator under the terms of this Rider may be shared with any of the Parties, unless specifically authorized by this Rider.

Stipulation and Order
Case Nos. 15-CV-612, 19-CV-199 - 1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

It is the intention of Apple and the Parties that this Rider will protect all materials produced by Apple in the Actions unless otherwise specified.

**DEFINITIONS**

"Class Action Administrator" means Angeion Group, acting as class action administrator to effect the Class Action Settlement Agreement entered.

"Class Action Settlement Agreement" means the document filed at ECF No. 218-1 in the *Kater* Action.

"Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

"Apple Protected Material" means any discovery produced by Apple in the Actions.

"Settlement Class" has the meaning provided in the Class Action Settlement Agreement.

**COMPUTATION OF TIME**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

**SCOPE**

The protections conferred by this Rider cover not only the Apple Protected Material governed by this Rider as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Apple Protected Material.

Stipulation and Order
Case Nos. 15-CV-612, 19-CV-199 - 2

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

Nothing in this Rider shall prevent or restrict Apple's own disclosure or use of its own Apple Protected Material for any purpose, and nothing in this Rider shall preclude Apple from showing its Apple Protected Material to an individual who prepared the Apple Protected Material.

**DURATION**

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs, subject to the Final Disposition clause herein.

**ACCESS TO APPLE PROTECTED MATERIAL**

Basic Principles.  All Apple Protected Material shall be used solely for the purpose of providing notice to and verifying and paying the recovery amount owed to members of the Settlement Class, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function.  Apple Protected Material shall not be provided, distributed, disclosed, or made available to anyone except as expressly provided in this Rider.

Secure Storage, No Export.  Apple Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Rider.  To ensure compliance with applicable United States Export Administration Regulations, Apple Protected Material may not be exported outside the United States or released to any foreign national (even if within the United States).

Legal Advice Based on Apple Protected Material. Nothing in this Rider shall be construed to prevent counsel from advising their clients with respect to this case based in whole

Stipulation and Order
Case Nos. 15-CV-612, 19-CV-199 - 3

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

or in part upon Apple Protected Materials, provided counsel does not disclose the Apple Protected Material itself except as provided in this Rider.

Limitations. Nothing in this Rider shall restrict in any way Apple's use or disclosure of its own Apple Protected Material.

Designation. For the avoidance of doubt, in all circumstances not specifically addressed by this Rider, all Apple Protected Material shall be treated as if designated "CONFIDENTIAL" under the Protective Order regardless of whether the Apple Protected Material has been stamped or marked in accordance with that Order.

**USE OF PROTECTED MATERIAL**

It is Apple's and the Parties' intention that Apple will produce Apple Protected Materials directly to the Class Action Administrator, with no production to any of the Parties.

Unless otherwise ordered by the Court or authorized through the prior written consent of Apple, the Class Action Administrator may disclose Apple Protected Materials only to those members of the Class Action Administrator's staff, or to any copying, clerical or other support services working at the direction of the Class Action Administrator, to whom disclosure is reasonably necessary in order to provide notice to and/or to verify and pay the recovery amount owed to members of the Settlement Class, provided that each such person to whom disclosure is made must first agree to be bound by the provisions of this Rider by signing a copy of Exhibit A.

Nothing in the foregoing paragraph is intended to restrict the Class Action Administrator from disclosing to a member of the Settlement Class any Apple Protected Material that specifically relates to that individual.

Certain Members of the Settlement Class: Thirty days prior to the claims deadline, and subject to Apple's prior written consent (such consent not to be unreasonably withheld), the

Stipulation and Order
Case Nos. 15-CV-612, 19-CV-199 - 4

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

Class Action Administrator shall furnish to Counsel for Plaintiffs the contact information for and Lifetime Spending Amount associated with each Settlement Class Member who (1) has a Lifetime Spending Amount of greater than or equal to $25,000, and (2) has not yet filed a claim.

For the avoidance of doubt, no Settlement Class Member's contact information or Lifetime Spending Amounts shall be provided to Counsel for Plaintiffs unless Counsel for Plaintiffs have been appointed by the Court as Class Counsel.

Any contact information disclosed to counsel for Plaintiffs pursuant to this section shall be used solely for the purpose of providing notice of the Class Action Settlement Agreement to members of the Settlement Class, and counsel for Plaintiffs shall disclose Contact Information only to counsel's staff, or to any copying, clerical or other support services working at the direction of counsel for Plaintiffs, to whom disclosure is reasonably necessary to provide notice to the member. All Contact Information relating to a member of the Settlement Class shall be destroyed by counsel for Plaintiffs upon confirmation that the member has received actual notice of the Class Action Settlement.

## CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

This Rider is intended to provide no mechanism to the Parties through which they can challenge the designation or protected status of Apple Protected Materials.

## SUBPOENAS OR COURT ORDERS

If at any time Apple Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to Apple and to its counsel and shall provide Apple with an opportunity to move for a protective order regarding the production of Apple Protected Materials implicated by the subpoena.

Stipulation and Order
Case Nos. 15-CV-612, 19-CV-199 - 5

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

### FILING PROTECTED MATERIAL

Absent written permission from Apple or a court Order secured after appropriate notice to all interested persons, the Parties may not file or disclose in the public record any Apple Protected Material.

### INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

In the event of a disclosure of any Apple Protected Material pursuant to this Rider to any person or persons not authorized to receive such disclosure under this Rider, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for Apple and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Apple Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

Unauthorized or inadvertent disclosure does not change the status of Apple Protected Material or waive the right to hold the disclosed document or information as Protected.

### FINAL DISPOSITION

Not later than ninety (90) days after closure of the Final Disposition of this case, each Party and the Class Action Administrator shall return all Discovery Material of a Producing Party to the respective outside counsel of the Producing Party or destroy such Material, at the option of Apple. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

All Parties that have received any such Discovery Material, as well as the Class Action Administrator, shall certify in writing that all such materials have been returned to counsel for Apple or destroyed.

Stipulation and Order
Case Nos. 15-CV-612, 19-CV-199 - 6

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

**MISCELLANEOUS**

Termination of Matter and Retention of Jurisdiction. The Parties and Apple agree that the terms of this Rider shall survive and remain in effect after the Final Determination of the Actions. The Court shall retain jurisdiction after Final Determination of the matter to hear and resolve any disputes arising out of this Rider.

Successors. This Rider shall be binding upon Apple and the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

Modification by Court. This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the Western District of Washington is responsible for the interpretation and enforcement of this Order. All disputes concerning Apple Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Western District of Washington.

Discovery Rules Remain Unchanged. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Western District of Washington, or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Western District of Washington, or the Court's own orders.

Stipulation and Order
Case Nos. 15-CV-612, 19-CV-199 - 7

Tousley Brain Stephens PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

            \*           \*           \*

Respectfully submitted,

**Dated**: October 28, 2020

By: */s/* Todd Logan

Todd Logan\*
tlogan@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300/Fax: 415.373.9435

By: */s/* Cecily C. Shiel
TOUSLEY BRAIN STEPHENS PLLC
Cecily C. Shiel, WSBA #50061
cshiel@tousley.com
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600

*Class Counsel*

\*Admitted *pro hac vice*

Stipulation and Order
Case Nos. 15-CV-612, 19-CV-199  -  8

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600  •  Fax: 206.682.2992

| | | | |
|---|---|---|---|
| 1 | | | |
| 2 | DATED: September 29, 2020 | By: | */s/* Mark Parris |
| | | | Mark Parris (Bar No. 13870) |
| 3 | | | mparris@orrick.com |
| | | | Paul F. Rugani (Bar No. 38664) |
| 4 | | | prugani@orrick.com |
| | | | ORRICK HERRINGTON & SUTCLIFFE LLP |
| 5 | | | 701 5th Avenue, Suite 5600 |
| | | | Seattle, WA 98104 |
| 6 | | | Telephone: (206) 839-4320 |

*Attorneys for Defendants Aristocrat Technologies, Inc., Aristocrat Leisure Limited, and Churchill Downs Incorporated*

Emily Johnson Henn (*pro hac vice*)
ehenn@cov.com
Lindsey Barnhart (*pro hac vice*)
lbarnhart@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square
Palo Alto, CA 94306
Telephone: (650) 632-4700

Gary Rubman (*pro hac vice*)
grubman@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001
Telephone: (202) 662-6000

Matthew Q. Verdin (*pro hac vice*)
mverdin@cov.com
David Watnick (*pro hac vice pending*)
dwatnick@cov.com
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
Telephone: (415) 591-7065

*Attorneys for Defendants Big Fish Games, Inc., Aristocrat Technologies, Inc. and Aristocrat Leisure Limited*

Stipulation and Order
Case Nos. 15-CV-612, 19-CV-199 - 9

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

**Dated**: October 28, 2020           By: */s/* Tobias G. Snyder

Tobias G. Snyder
LEWIS & LLEWELLYN LLP
601 Montgomery Street, Suite 2000
San Francisco, CA 94111
415-480-0663

*Attorney for Apple Inc*

Stipulation and Order
Case Nos. 15-CV-612, 19-CV-199 - 10

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

## **ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED this 28th day of October, 2020.

*MNT S Lasnik*
ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE

Stipulation and Order
Case Nos. 15-CV-612, 19-CV-199 - 1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992

# **EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Agreed Rider To Protective Order Regarding The Use And Disclosure Of Discovery Produced By Nonparty Apple Inc. ("Rider") in *Kater et al. v. Churchill Downs Incorporated, et al.*, No. C15-0612-RSL and *Thimmegowda v. Big Fish Games, et al.,* NO. C19-0199-RSL, United States District Court, District of Washington, Western District. Having read and understood the terms of the Rider, I agree to be bound by the terms of the Rider and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Rider.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____
[Signature]
Stipulation and Order
Case Nos. 15-CV-612, 19-CV-199 - 1

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101-4416
Tel: 206.682.5600 • Fax: 206.682.2992