**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| CHERYL KATER and SUZIE KELLY, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>CHURCHILL DOWNS INCORPORATED, a Kentucky corporation, and BIG FISH GAMES, INC., a Washington corporation.<br><br>*Defendants*. | No. 15-cv-00612-RSL<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| MANASA THIMMEGOWDA, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>BIG FISH GAMES, INC., a Washington corporation; ARISTOCRAT TECHNOLOGIES INC., a Nevada corporation; ARISTOCRAT LEISURE LIMITED, an Australian corporation; and CHURCHILL DOWNS INCORPORATED, a Kentucky corporation,<br><br>*Defendants*. | No. 19-cv-00199-RSL<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

THIS MATTER came before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement in the above-captioned matters (Dkt. # 262 and Dkt. # 195, respectively). The Court has considered all papers and materials submitted by the parties and putative class members in support of and against the proposed Settlement Agreement, including Plaintiffs' motions for preliminary and final approval of the Settlement Agreement, the declarations of Class Representatives, Class Counsel, and the Settlement Administrator, and the objections/opt-outs filed with the Court. The Court held a Final Approval Hearing on February 11, 2021, at which the Court heard argument from counsel and allowed others to appear to voice their support for, or objection to, the Settlement. Based on all these materials and the statements at the Final Approval Hearing, the Court issues the following Order and Final Judgment:

1. **Settlement Terms**. All terms and definitions used herein have the same meanings as set forth in the Settlement Agreement.

2. **Jurisdiction**. The Court has jurisdiction over the parties, the subject matter of the dispute, and all Settlement Class Members.

3. **Class Certification**. The Court confirms its certification for settlement purposes of the following Settlement Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All persons in the United States who played Big Fish Casino, Jackpot Magic Slots or Epic Diamond Slots on or before Preliminary Approval of the Settlement.[1]

*See* Agreement § 1.33 (*Kater*, Dkt. # 218-1). The Court also finds that this action meets all prerequisites of Rule 23 of the Federal Rules of Civil Procedure, including numerosity, commonality, typicality, predominance, and superiority; that the Class Representatives are adequate representatives of the Settlement Class; and that Class Counsel are adequate to represent the Settlement Class.

---

[1] Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this action and members of their families, (2) the Defendants, Defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former officers, directors, and employees, (3) persons who properly execute and file a timely request for exclusion from the class, and (4) the legal representatives, successors or assigns of any such excluded persons. *See* Agreement § 1.28.

**4.     Class Notice**. The Settlement Administrator completed delivery of Class Notice according to the terms of the Agreement, as preliminarily approved by the Court and subsequently amended to extend certain deadlines. The Class Notice given by the Settlement Administrator to the Class was the best practicable notice under the circumstances and was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, their right to object to the Settlement or exclude themselves from the Settlement Class, and to appear at the Final Approval Hearing. The Class Notice and the means of disseminating the same, as prescribed by the Agreement, was appropriate and reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice. The Class Notice and the means of disseminating the same satisfied all applicable requirements of the Federal Rules of Civil Procedure, constitutional due process, and any other applicable law.

**5.     Settlement Approval**. The Court hereby grants final approval to the Settlement and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Settlement Class. The Court finds that the Settlement is within the authority of the Parties and the result of extensive, arm's-length negotiations. The Parties are directed to proceed with the Settlement procedures specified under the terms of the Settlement Agreement and the Court's order regarding final claims determinations, including payment and prospective relief.

**6.     Objections or Exclusions from Settlement Class**. Class Members were given a fair and reasonable opportunity to object to the Settlement. Two putative class members were deemed by the Court to have opted out (*Kater*, Dkt. # 244 and # 245), and ten members of the Class requested to be excluded pursuant to the terms of the Settlement. One objection was brought to the Court's attention (*Kater*, Dkt. # 272) but has since been resolved (*Kater*, Dkt. # 281). Aside from the twelve Class Members who have been excluded from the Class, this Order is binding on all Class Members and has res judicata and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Class Members with respect to the Released Claims.

EDELSON PC
350 N LaSalle Street, 14th Floor, Chicago, IL 60654
Tel: 312.589.6370 • Fax: 312.589.6378

**7.    No Admission**. Neither this Final Judgment nor the fact or substance of the Settlement Agreement shall be considered a concession or admission by or against Defendants or any other related party, nor shall they be used against Defendants or any other released party as an admission, waiver, or indication with respect to any claim, defense, or assertion or denial of wrongdoing or legal liability.

**8.    Dismissal with Prejudice**. Pursuant to the terms of the Settlement, the action (including all individual claims and class claims) is hereby dismissed with prejudice on the merits, without costs or attorneys' fees to any Party except as provided under the terms of the Settlement Agreement, this Final Judgment, and the Court's Order Granting Class Counsel's Motion for Award of Attorneys' Fees and Expenses and Issuance of Incentive Awards.

**9.    Releases**. This Order incorporates the Releases set forth in the Settlement Agreement and makes them effective as of the Effective Date. All Settlement Class Members who have not been excluded from the Settlement Class are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on the Released Claims, as set forth in the Settlement Agreement.

**10.    Attorneys' Fees and Expenses**. Pursuant to the Court's Order Granting Class Counsel's Motion for Award of Attorneys' Fees and Expenses and Issuance of Incentive Awards, the Court awards $38,750,000 in attorney's fees and $1,590,690 in costs and expenses to Class Counsel.

**11.    Incentive Awards**. Pursuant to the Court's Order Granting Class Counsel's Motion for Award of Attorneys' Fees and Expenses and Issuance of Incentive Awards, the Court awards $10,000 each to Cheryl Kater and Manasa Thimmegowda for their services as Class Representatives and awards $50,000 to Suzie Kelly for her services as a Class Representative.

**12.    Continuing Jurisdiction**. Without affecting the finality of the Final Judgment for purposes of appeal, the Court retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Settlement Agreement, including the administration, interpretation,

construction, effectuation, enforcement, and consummation of the Settlement and this Order.

**IT IS SO ORDERED.**

Dated this 11th day of February, 2021.

*[signature]*
ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE

Order - 4